**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| GEORGE MOORE, on behalf of himself and others similarly situated, | : | |
| | : | Case No. 1:26-cv-06309 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ENCENSE ENTERPRISES LLC, d/b/a FLEX HOME & AUTO | : | |
| | : | Hon. Andrea Wood |
| | : | |
| Defendant. | : | |

**JOINT INITIAL STATUS REPORT**

**(1) The Nature of the Case**

    a.  Identify the attorneys of record for each party, including the lead trial attorneys.

*Plaintiff*

Anthony Paronich (Lead Trial Attorney)
Paronich Law, P.C.

*Defendant*

Daniel Silverman (Lead Trial Attorney)
Venable LLP

E

    b.  Identify any parties that have not yet been served.

All parties have been served.

    c.  State the basis for federal jurisdiction.

Plaintiff claims this Court has subject matter jurisdiction over Plaintiff's Telephone Consumer Protection Act ("TCPA") claims pursuant to 28 U.S.C. § 1331 because Plaintiff's TCPA claims arise under the laws of the United States, specifically 47 U.S.C. § 227.

d. <u>Describe the nature of the claims asserted in the complaint and any counterclaims, including relief sought.</u>

The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R. § 64.1200(c)(2). The TCPA and its implementing regulations prohibit telephone solicitations to residential telephone subscribers whose numbers have been registered on the National Do Not Call Registry and provide a private right of action against entities that initiate or cause such calls to be made. Plaintiff alleges that Defendant, Encense Enterprises LLC d/b/a Flex Home & Auto, made multiple telemarketing calls to Plaintiff and other consumers whose telephone numbers had been registered on the National Do Not Call Registry without their prior consent, in violation of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c). Plaintiff seeks statutory damages, injunctive relief, and certification of a nationwide class.

Defendant denies the allegations in the Complaint. Defendant does not call consumers on the National Do Not Call Registry. In fact, they have written policies and procedures to make sure they do not make such calls. At most, this case arises from an inadvertent error that was not the fault of Defendant rather than a practice of Defendant. In that regard, Plaintiff is not typical/representative of the putative class he purports to represent. Defendant obtains prospective customer leads from third party producers and marketing sources who represent and warrant that the individuals whose information is provided have consented to be contacted. The issue identified in the Complaint arose because an individual who sought information and who was interested in becoming a customer, and who consented to being contacted, inadvertently entered an incorrect telephone number online, e.g. a phone number that was off by a digit. Unfortunately, that incorrect number appears to have corresponded with Plaintiff's telephone

number. As a result, calls were placed to Plaintiff under the good faith and reasonable belief that valid express consent had been obtained from the intended recipient when, in reality, the consent appears to have been provided by a different individual with a similar telephone number.

    e. <u>The major legal and factual issues in the case.</u>

The parties believe that the major legal and factual issues in this case include:

1. Whether the calls were made to numbers on the National Do Not Call Registry;

2. Whether the calls were made with the appropriate consent of the Plaintiff, an affirmative defense under the TCPA;

3. Whether calls were made to individuals who had previously asked for such calls to stop; and

4. Whether the calling conduct at issue is appropriate for class certification pursuant to Fed. R. Civ. P. 23(b)(2) and/or (b)(3).

    f. <u>Describe the Relief Sought</u>

The Plaintiff is seeking to certify the following classes:

> **<u>National Do Not Call Registry Class:</u>** All persons within the United States: (1) whose telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendant or a third party acting on Defendant's behalf; (3) within a 12-month period; and (4) within the four years prior to the filing of the Complaint.

Defendant denies that this case is appropriate for class treatment for numerous reasons, including because numerosity, typically, commonality and predominance are all lacking.

On behalf of the putative class pled, the Plaintiff is seeking a statutory damages award of up to $1,500 in damages for each call made, which is the statutory damages under the TCPA.

Defendant denies the calls placed to Plaintiff were willful. Rather, they were made due to an error not caused by or known by Defendant. As such, $1,500/call is not warranted.

**(2) Case Plan**

    a. <u>Identify all pending motions.</u>

None.

    b. <u>State whether any defendant anticipates responding to the complaint by motion and, if so, the basis for the intended motion.</u>

Defendant intends to file an Answer to the Complaint.

    c. <u>Submit a proposal for a discovery plan, including the following information:</u>

- The general type of discovery needed;

Plaintiff anticipates seeking documents, electronically stored information, and other discovery concerning: (1) call detail records and dialer data for the calls at issue; (2) documents and electronically stored information concerning Defendant's telemarketing campaigns; (3) records identifying persons called during the relevant class period; (4) documents concerning any consent relied upon by Defendant; (5) contracts and communications with third-party telemarketing vendors; (6) Defendant's TCPA compliance policies, procedures, and training materials; (7) documents concerning the use of the National Do Not Call Registry and internal do-not-call procedures; and (8) documents sufficient to identify members of the proposed class. This discovery is expected to include both electronically stored information and traditional paper documents.

Defendants will seek discovery from third parties regarding how Plaintiff's phone number was obtained, and will depose Plaintiff and third parties.

- Any issues or agreements regarding claims of privilege or protection of trial preparation materials, including whether the parties desire that the Court enter an

order regarding a procedure to assert such claims after production pursuant to Federal Rule of Evidence 502(d);

The parties agree to use the Northern District of Illinois' Model Confidentiality Order subject to amendment for greater protections that may be necessary for certain categories of documents and will include a clawback provision.

- the date(s) on which disclosures under Federal Rule of Civil Procedure 26(a)(1) were made or will be made;

August 31, 2026

- The date by which the parties will complete fact discovery

April 9, 2027

- whether expert discovery is contemplated and, if so, dates by which disclosures under Federal Rule of Civil Procedure 26(a)(2) will be made and expert depositions completed

Expert discovery will be needed. Opening and expert disclosures and reports should be exchanged by May 10, 2027; rebuttal expert disclosures and reports should be exchanged by June 7, 2027; and the expert discovery cutoff should be July 6, 2027.

- What changes, if any, should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by the Local Rules, such as changes in the number of depositions or interrogatories permitted

The parties propose July 23, 2027 as a cutoff to file a motion for class certification, with the opposition due August 27, 2027, and the reply due September 10, 2027.

- Dispositive Motions Due By:

90 days after the Court's ruling on Plaintiff's motion for class certification.

b. Indicate whether a jury trial is requested and the probable length of trial.

Plaintiff has demanded a jury. The parties believe that if this matter is certified as a class action, then the trial is expected to last 5 days. But, Defendant believes that class will not be certified and the trial can be completed in 2 days.

**(3) Settlement**

State whether any settlement discussions have occurred and describe the status of any such discussions. Do not provide the particulars of any settlement demands/offers

The Parties have discussed the possibility of settlement. However, because the Plaintiff is only willing to entertain a class-wide settlement pursuant to Fed. R. Civ. P. 23, the Parties will need to engage in discovery related to the elements of Fed. R. Civ. P. 23, including the identity of class members, prior to entertaining settlement. Defendant is open to an individual settlement, as class treatment is not appropriate for this case.

The parties do not request a settlement conference at this time.

**(4) Consent to Proceed Before a Magistrate Judge**

The parties have not unanimously consented to proceed before a Magistrate Judge.

Dated: July 20, 2026

| PLAINTIFF, | DEFENDANT, | |
|---|---|---|
| */s/ Anthony I. Paronich* | */s/ Daniel S. Silverman* | |
| Anthony I. Paronich | Daniel S. Silverman | |
| Paronich Law, P.C. | Venable LLP | |
| 350 Lincoln Street, Suite 2400 | 2029 Century Park East, Suite 3400 | |
| Hingham, MA 02043 | Los Angeles, CA 90067 | |
| (508) 221-1510 | (310) 229-0387 | |
| anthony@paronichlaw.com | dssilverman@venable.com | |
| | | |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* | |

**CERTIFICATE OF SERVICE**

6

I, hereby certify that on July 20, 2026, I filed the foregoing with the Court's CM/ECF system, which served the same on the counsel of record. I also electronically transmitted the request to the remaining parties.

*/s/ Anthony Paronich*
Anthony Paronich